STATE TAX COMMISSIONER, Respondent-Appellant Below, Appellant,

v.

Thomas W. STEPHENSON, Petitioner-Appellee Below, Appellee.

Supreme Court of Delaware.

Feb. 17, 1971.

Edward J. Wilson, Deputy Atty. Gen., for the State Tax Commissioner, Wilmington.

Thomas P. Sweeney, of Richards, Layton & Finger, Wilmington, for Edmund N. Carpenter, II, and Farmers Bank of the State of Delaware, amici curiae.

Joseph H. Geoghegan, of Potter, Anderson & Corroon, Wilmington, for Wilmington Trust Co., amicus curiae.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of the Superior Court affirming a ruling of the State Tax Board overruling an assessment by the State Tax Commissioner of a deficiency in income taxes for the year 1965. The opinion of the Superior Court appears at Del.Super., 267 A.2d 464, to which reference is made for a full statement of the facts.

■ The basic question before us is the soundness of Commissioner v. Wilmington Trust Company, Executor of Echols, Del. Super., 266 A.2d 419 (1968), and whether or not, if it is upheld, it applies to a trust of the type involved here and to capital gains of this nature. In point of fact, the capital gains here involved were realized by the investment of principal in a common trust fund maintained by the trustee and operated as a regulated investment company under 15 U.S.C. § 80a–1 et seq. Common trust funds, qualifying as regulated investment companies, may segregate ordinary income from capital gains and pass each on to the investor for proper income tax treatment.

It is clear that the trustee allocated the capital gains to trust principal. It is equally clear that the trust agreement gave that authority to the trustee in its sole discretion and made that decision conclusive upon all parties in interest. It is also clear, we think, that if 12 Del.C. § 3526 is applicable, that a proper allocation was made which is conclusive upon all parties in interest.

By 30 Del.C. § 1111 the Delaware income tax is imposed on the net income, including capital gains, of every taxable as defined in 30 Del.C. § 1101. By § 1101(5) a trustee of a revocable trust is defined as a taxable as follows:

"(5) a trustee, if but only to the extent that, the net income of the trust for the income year (i) is distributed * * * and/or (ii) may be distributed in whole or in part to the creator of the trust upon the happening of some event or the exercise of any power which he reserved thereunder * * *."

By 30 Del.C. § 1151 an income tax is imposed on both revocable and irrevocable trusts, and 30 Del.C. § 1152(a) requires the trustee to make a return of all of the trust income. 30 Del.C. § 1152(b) permits the deduction by the trustee in determining the net income taxable to the trustee the amount of income "properly paid to or credited subject to withdrawal" by any beneficiary. "Credited subject to withdrawal" is

defined in 30 Del.C. § 1101(7) (2) as follows:

"* * * when the taxable credited, or his agent, representative or a fiduciary has the right or option to make withdrawal * * *."

█ Under these statutory provisions, therefore, is a proper allocation of capital gains to principal a crediting subject to withdrawal by a settlor and income beneficiary who has reserved as settlor the power to revoke the trust in whole or in part? We think not.

A proper allocation of capital gains to principal under 30 Del.C. § 1152 may thereafter be credited "subject to withdrawal" solely as principal. This necessarily follows since the proper allocation by the trustee has once and for all determined what it is. Since it is no longer income, it is plain that it cannot, by definition, be income taxable to the settlor. The allocation to principal means that it has neither been distributed as "income" nor credited subject to withdrawal as "income". This is the result reached in the *Echols* case and we think it the proper one. We therefore decline to overrule it.

The Commissioner argues that in any event the *Echols* case is distinguished from the case at bar for the reason that the capital gain involved in *Echols* came about by reason of a forced corporate distribution requiring allocation by the trustee under 12 Del.C. § 3526 between principal and income. This is to make the critically determining factor the source or origin of the gain. To do so is in effect to read into the tax statute something which is not only not there, but which is contrary to what is there. The argument is directly contrary to the specific provision of 30 Del.C. § 1152(b) imposing on the trustee an income tax on all trust income, except that portion which has actually been distributed to a beneficiary as income, or has been credited for withdrawal by him as income. We think and so hold that the rule of the

*Echols* case is equally applicable to the trust before us.

The Commissioner, citing Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L. Ed. 788, argues that the Delaware statute and the Federal Income Tax law at the time of the *Clifford* case were the same, and that accordingly we should follow *Clifford* and hold that an unexercised power to revoke a trust makes undistributed capital gains taxable to the settlor.

However, the basic premise of the Commissioner is false. In 1921 it seems true that the Delaware and Federal Acts were substantially the same and had the equivalent of present 30 Del.C. §§ 1151, 1152. The Delaware law in this respect has not been materially amended, while in the Revenue Act of 1924 the Congress provided for the taxing to the grantor of all income of revocable trusts. The two tax laws in this respect, therefore, were not the same, and the *Clifford* case is not persuasive since it was decided in 1940 upon the basis of the Federal 1924 amendment.

By reason of the foregoing, therefore, the judgment of the Superior Court is affirmed.